IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TOM CONLEY and CONLEY GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF WEST DES MOINES, IOWA; CHERRY RENEE HARDMAN, in her individual and official capacities; MATTHEW McKINNEY, in his individual and official capacities; KEVIN TREVILLYAN, in his individual and official capacities; GREG HUDSON, in his individual and official capacities; and RUSS TRIMBLE, in his individual and official capacities; <br><br> Defendants. | CASE NO. 4:23-cv-53-SMR-HCA <br><br><br> **DEFENDANTS' BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** |

## Introduction

This case comes before this Court once again for a pre-answer motion to dismiss. And despite years of motions practice, and several amendments, Plaintiff Tom Conley (hereinafter "Conley") and Plaintiff Conley Group, Inc. (hereinafter "TCG") once again bring a complaint that is deficient on its face. Here, Conley again pursues a claim of defamation *per se* or defamation by implication (Count III) against Defendants. And again, Conley fails to allege any facts that could plausibly support a claim of defamation against Defendants. While it remains unclear to Defendants how Conley, an individual shareholder, can still maintain a claim for First Amendment Retaliation against Defendants—that issue can be addressed at a later date. But before Defendants can Answer any of the Plaintiffs' claims, the Court must dismiss Count III of Plaintiffs' Petition as it fails to state a claim.

## **Procedural History**

This matter commenced when Plaintiffs first filed their Complaint on February 7, 2023. ECF No. 2. Defendants promptly moved to dismiss the Complaint in its entirety for failure to state a claim on April 14, 2023. ECF No. 12, *et seq*. Plaintiff then amended his Complaint on April 25, 2023. ECF No. 13. Defendants filed another motion to dismiss Plaintiffs' claims as the Amended Complaint did not cure the plain pleading deficiencies contained in the original Complaint. *See* ECF No. 14., *et seq*. This Court agreed with Defendants and dismissed all of Plaintiffs' claims with prejudice in its March 4, 2024 Order. ECF No. 17. Plaintiffs appealed. On November 3, 2025, the Eighth Circuit affirmed in part and reversed in part this Court's March 4, 2024 Order. *See Conley v. City of West Des Moines*, 157 F.4th 946 (8th Cir. 2025). Following the Eighth Circuit's decision, Plaintiffs refiled their Second Amended Complaint, which was accepted by the Court on December 19, 2025.

## **Legal Standard**

A motion to dismiss may be granted if the Plaintiffs fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), Plaintiffs' Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is facially "plausible" when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). Importantly, if a complaint "pleads fact that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678. Whereas Plaintiff is entitled to all reasonable inferences in his favor, the "facts alleged in the complaint 'must be enough to raise a right to relief above the

speculative level'." *Williams v. City of Burlington*, No. 3:19-cv-00043, 2020 WL 11027940 (Feb. 13, 2020 S.D. Iowa)(quotations omitted).

Dismissal of claims is appropriate because it "eliminate[s] actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001) (citations omitted). Importantly, a plaintiff must assert actual facts to satisfy her pleading burden; a court may "disregard legal conclusions couched as factual allegations." *Monson v. DEA*, 589 F.3d 952, 962 (8th Cir. 2009) (holding that in ruling on a motion to dismiss, courts are free to disregard "unsupported conclusions, unwarranted inferences and sweeping legal conclusions" cast in the form of factual allegations; *see also Meyer v. Herndon*, 419 F. Supp.3d 1109, 1118 (S.D. Iowa 2019)(noting "[a]lthough the plausibility standard 'is not akin to a 'probability requirement,' it demands the pleadings demonstrate 'more than sheer possibility that a defendant has acted unlawfully'.").

### 1. Conley Once Again Has Failed to Marshal Facts That Could Support a Plausible Claim of Defamation Against Defendants.

Conely again attempts to manufacture liability in the absence of allegations of actionable conduct. Like prior renditions of Conley's claims, this Second Amended Complaint's claim for defamation is fatally flawed in that it simply does not identify or allege any statement by Defendants—a condition precedent for any cause of action sounding in defamation.

Conely's factual basis for Count III (Defamation) is as follows: 1) the *Des Moines Register* ran a series of pieces that "implied or stated that Conely held views that were racist," (ECF No. 31, Second Amended Complaint, ¶ 53); 2) shortly after these stories were published, Defendants met and voted to cancel TCG's contract with West Des Moines (ECF No. 31, ¶ 55). That is all of the facts alleged by Conley in support of his claim for defamation. The remainder of his allegations are an array of speculation and legally conclusory assertions—none of which this Court can credit

under federal pleading standards. Like before, Plaintiff simply has not identified sufficient facts that could support a plausible claim for defamation.

As this Court is acutely aware of the legal standards for defamation under Iowa law, only a brief statement of the law on defamation is necessary. A plaintiff putting forward a claim of defamation (either in libel or slander) must establish that a defendant: "(1) published a statement that (2) was defamatory (3) of and concerning the plaintiff, and (4) resulted in injury to plaintiff." *Bertrand v. Mullin*, 846 N.W.2d 884, 892 (Iowa 2014). Iowa also recognizes defamation by implication, where a statement "juxtaposes a series of facts so as to imply a defamatory connection between them, or… creates a defamatory implication by omitting facts." *See Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007). The "gist of an action for libel or slander is the publication of written or oral statements which tend to injure a person's reputation and good name." *Barreca v. Nickolas*, 683 N.W.2d 111, 116 (Iowa 2004). If a statement "cannot be reasonably interpreted as stating actual facts about a person" then it is not actionable; statements that are "considered 'rhetorical hyperbole' and 'vigorous epithet' are nonactionable as defamation." *Bauer v. Brinkman*, 958 N.W.2d 194, 198 (Iowa 2021). Truth, or substantial truth, is an absolute defense to defamation claims. *See Yates v. West Racing Ass'n*, 721 N.W.2d 762, 768-769 (Iowa 2006).

Defamation *per se* requires even more than mere defamation. Defamation *per se* "exists when a defamatory statement has a natural tendency to provoke the plaintiff to wrath or expose him to public hatred, contempt, or ridicule, or to deprive him of the benefit of public confidence or social intercourse." *Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 46 (Iowa 2018). In order to qualify as defamation *per se*, a statement must amount to an "attack on the integrity and moral character of a party", such as being called a "liar," a perpetrator of an "indictable crime of moral turpitude," or accusing one of "adultery." *Id.* at 47. Of course, a plaintiff alleging a

statement was defamatory *per se* must be able to identify a specific statement in order to determine if it is capable of "provok[ing] the plaintiff to wrath or expose him to public hatred." *See Bandstra*, 913 N.W.2d at 46 (where the court identifies and evaluates eleven specific statements uttered by various individuals associated with the defendant church). Similarly, a plaintiff alleging defamation by implication must be able to point to statements whose organization or "juxtapos[ition]" allow for an inference or an implication of defamatory meaning. *See Iowa Newspapers, Inc.*, 728 N.W.2d at 827 (noting that "the statements at issue, i.e., [various sentences from a newspaper column]… were all basically true. It is only when the *statements* are given the spin that [plaintiff] attributes to them that they may be considered libelous").

Here, Conley once again fails to identify any *statements* that could be said to support a claim for defamation or defamation by implication. Much like the two before it, the Second Amended Complaint does not identify any specific statement[1] made by any of Defendants that could support his claim for defamation or defamation by implication. Instead, Conley pleads that specific *actions* by Defendants—holding a meeting, placing TCG's contract on the agenda, and ultimately voting on terminating that contract—were statements. *See* SAC ¶¶ 55-56. These are not statements and thus cannot be said to hold a defamatory meaning nor are they statements whose juxtaposition or manipulation could lend themselves to a defamatory meaning.

This Court was correct in dismissing Conley's defamation claim for failure to identify any actual statements by Defendants. *See* ECF No. 17, pp. 14-15 (March 3, 2024)(noting Conley's complaint "[did] not identify *any* statement made by Defendants, much less a series of facially nonlibelous statements which allow the audience to 'connect the dots' to arrive at a defamatory implication'.")(emphasis in original). This Court's analysis and finding was affirmed by the Eighth Circuit. *See Conley v. City of West Des Moines*, 157 F.4th 946, 958 (8th Cir. 2025)(noting "after

---

[1] *Merriam-Webster's Dictionary*, STATEMENT Definition & Meaning - Merriam-Webster (meaning "1) something stated: such as (a) a single declaration or remark… (b) a report of facts or opinions… 2) the act or process of stating or presenting orally or on paper").

careful review of the Amended Complaint, we agree with the district court's analysis. Conley alleges Defendants made statements 'directly and impliedly that [he] was a racist,' but the only statements identified in the Amended Complaint are articles published by *The Des Moines Register*, and Conley chose not to sue the newspaper"). In the Second Amended Complaint, Plaintiffs may have padded their pleadings in an effort to stave off another early dismissal on other claims, but these additional details or conclusory allegations to not present an individual, specific statement that could give rise to a claim for defamation.

In summary, Conley again fails to plead specific statements made by Defendants that could be imbued with a defamatory meaning. For the reasons stated above, and those reached by this Court and the Eighth Circuit Court of Appeals, Conley's claim for defamation should be dismissed with prejudice for failure to state a claim upon which relief could be granted.

/s/ Michael C. Richards
Michael C. Richards AT0010828

/s/ Spencer M. Willems
Spencer Willems AT0014087
DENTONS DAVIS BROWN PC
215 10th Street, Suite 1300
Des Moines, Iowa  50309
Telephone:  (515) 288-2500
Facsimile:   (515) 243-0654
Email: mike.richards@dentons.com
Email: spencer.willems@dentons.com

ATTORNEYS FOR DEFENDANTS

Copies to:

Kenneth R. Munro
MUNRO LAW OFFICE, P.C.
4844 Urbandale Avenue, Suite B
Des Moines, IA 50310
Email: ken.munro@munrolawoffice.com
ATTORNEYS FOR PLAINTIFFS

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings on **December 29, 2025,** by:

__ U.S. Mail                     __ FAX
__ Hand Delivered          __ Overnight Courier
__ Federal Express          X Other: CM-ECF/EDMS

Signature:___/s/ Michael C. Richards_____