IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TOM CONLEY and CONLEY GROUP, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF WEST DES MOINES, IOWA, CHERRY RENEE HARDMAN, in her individual and official capacities, MATTHEW MCKINNEY, in his individual and official capacities, KEVIN TREVILLYAN, in his individual and official capacities, GREG HUDSON, in his individual and official capacities, and RUSS TRIMBLE, in his individual and official capacities, <br><br> Defendants. | No.: 4:23-cv-00053-SMR-HCA <br><br><br> **PLAINTIFFS' REPLY TO DEFENDANTS' RESISTANCE TO PLAINTIFFS' THIRD MOTION TO AMEND** |

COMES NOW, the Plaintiffs and for their Reply to Defendants' Resistance to their Third Motion to Amend states as follows:

The Defendants have filed a Resistance to Plaintiffs' Motion to Amend Complaint to add Count III. (ECF 45) The Defendants' Resistance seems to be that the Plaintiffs cannot utilize Federal Rule of Civil Procedure 41(a)(1)(A)(i) to dismiss Count III of its Complaint without prejudice and then refile the Motion to Amend. However, the Defendants do not even address Rule 41(a)(1)(A)(i) in their Resistance, instead choosing to list various grievances with the Federal Judicial system.

The Defendants first grievance is that "more than four years have passed after the events giving rise to the Plaintiffs claims" (ECF 45) without stating how the time taken for this Complaint to move through the District Court and the 8th Circuit Court of Appeals is in any way

#5104776

relevant to the Court's determination on whether to allow the Plaintiffs to Amend their Complaint.

For history, the Complaint in this case was filed on February 7, 2023. (ECF 1) The Defendants filed a 12(b) Motion to Dismiss in April of 2023. (ECF 12) In response, the Plaintiffs filed an Amended Complaint on April 25, 2023. (ECF 13) The Defendants filed yet another Motion to Dismiss on May 9, 2023. (ECF 14) The matter was fully briefed for the District Court on May 30, 2023. (ECF 16)

An Order Granting Defendants' Motion to Dismiss was entered ten months later, on March 4, 2024.  (ECF 17)  A Notice of Appeal was filed on March 21, 2024. (ECF 19) The 8th Circuit Court of Appeals ruled on this matter on November 4, 2025. (ECF 23) The 8th Circuit ruling affirmed the dismissal of two claims, but the District Court was ordered to modify those dismissals to be without prejudice. The 8th Circuit ruling reversed the District Court's ruling dismissing the two other claims. (ECF 23) The Defendants fail to cite a case which states that the fact that it took the Plaintiffs almost three years to get a ruling allowing them to go forward with their case is somehow dispositive of whether the Plaintiffs can now amend their Complaint.

The Defendants' next grievance appears to be with the 8th Circuit ruling, which it did not appeal. In their Resistance, the Defendants cite as authority the District Court's original ruling on the Defendants' 12(b) Motion to Dismiss as if the 8th Circuit's ruling did not specifically allow the Plaintiffs to amend the Complaint. In their Resistance the Defendants, address the Plaintiffs as "having been gifted" the 8th Circuit's ruling and not a specific finding by a United States Court of Appeals. (ECF 45) Defendants cite no case law supporting their position that the 8th Circuit's ruling should be discarded as a type of Christmas present.

The Defendants claim that there was "ample time" over four years for the Plaintiff to amend the Complaint and that the Plaintiffs were "dilatory" in failing to do so. (ECF 45) The Defendants apparently claim that the Plaintiffs had a mechanism by which they could have amended their Complaint between May 30, 2023, when the 12(b) matter was submitted to this Court and November 4, 2025, when the 8th Circuit overturned the District Court's ruling. (ECF 45) The Defendants fail to inform as to what Rule of Civil Procedure allowed the Plaintiffs to amend their Complaint, after the Defendants' 12(b) Motion was submitted to the District Court and prior to the 8th Circuit's ruling on appeal. (Id)

The Plaintiffs filed a Motion to Amend Complaint on December 1, 2025. (ECF 24) The Defendants acknowledged to the Court that they had no resistance to Plaintiffs' Motion to Amend. (ECF 30) True to form the Defendants filed yet another Motion to Dismiss. (ECF 35) The Defendants are correct that the Plaintiffs mis-calendared the Resistance date and were late in filing their Resistance to the Motion to Dismiss. (ECF 36, 37) Using the procedure allowed by Federal Rule of Civil Procedure 41(a)(1)(A)(i), the Plaintiffs dismissed Count III of its Amended Complaint, without prejudice,(ECF 40) and then refiled the same Motion to Amend, with the same Amended Complaint. (ECF 43) Under Fed. R.Civ.P. 41(a)(1)(A)(i), given that Count III of the Complaint had never been dismissed before, and the Defendants had not filed an answer, the Motion to Amend is treated as if it were never filed.

The Defendants' entire argument is based upon the idea that Federal Rule of Civil Procedure 41(a)(1)(A)(i) can simply be ignored, and that somehow, the "self-dismissed" Complaint can be treated by the Court as a dismissal with prejudice. The Defendants cite no authority for this proposition. The Defendants' complaint seems to be with Federal Rule of Civil

Procedure 41(a)(1)(A)(i). The Defendants also argue that the Motion to Amend falls afoul of the Local Rules.

With respect to these arguments, the present Amended Complaint is the identical Amended Complaint as that filed without objection from the Defendants following the ruling by the 8th Circuit, simply using the mechanism provided by Federal Rule of Civil Procedure 41(a)(1)(A)(i).

> "Federal Rule of Civil Procedure 41(a)(1)(A)(i) authorizes a plaintiff to file "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a). The Third Circuit has explained the critical features of the Rule as follows:
> First, a filing under the Rule is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action. Second, the notice results in a dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case. Third, the defendant has only two options for cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment.
> *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008). The Rule establishes a bright-line test: so long as a defendant has not filed an answer or a summary judgment motion, "dismissal is automatic and immediate."[2] *Id.* Put simply, dismissal pursuant to Rule 41(a) "leaves the situation as if the action never had been filed." 9 Wright & Miller, *Federal Practice and Procedure* § 2367 (4th ed. 2025). Such dismissal is without prejudice and does not preclude a "plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001); Fed. R. Civ. P. 41(a)(1)(B). Moreover, a plaintiff's right to dismissal by notice "extends as fully to cases removed from a state court as it does to those commenced in a federal court." Wright & Miller § 2363; *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953)."
>
> <u>Huskic v. AD Express Trucking LLC</u>, 791 F. Supp. 3d 565, 568–69 (E.D. Pa. 2025)

The Defendants have already acknowledged that the Plaintiffs had the right to file an Amended Complaint, based upon the 8th Circuit's ruling. Since the first filing was dismissed as if it were never filed, this Motion is simply the same as that which the Defendants have already acknowledged as being a valid Motion, pursuant to Local Rule 7(k). The Plaintiffs' Motion is not

4

in violation of any local rules. The Defendant's Resistance is based not upon the law or the facts of this matter, but rather state generalized grievances with the ruling by the 8th Circuit Court of Appeals and the length of time it took for court system to allow the Plaintiffs to proceed with their case. For all these reasons, the Defendants' Resistance to Motion to Amend should be denied.

MUNRO LAW OFFICE, P.C.

By: /s/Kenneth R. Munro
    Kenneth R. Munro  AT0005581
    4844 Urbandale Avenue
    Des Moines, IA  50310
    Phone: (515) 279-0443
    Fax:  (515) 279-0445
    Email:  ken.munro@munrolawoffice.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February 2026, I electronically filed the foregoing document on the electronic filing system, which will send a notice of electronic filing to counsel of record in this matter.

          /s/Kenneth R. Munro